ZINTER, Justice
(concurring).
[¶ 27.] As the Court notes, the sole legal theory upon which this matter was submitted to the jury was that, at the time the contract was made, Morse made fraudulent representations to induce Heffrons to enter into the contract. On that issue, the record reflects that the trial did not involve disputes of credibility or conflicting evidence. Morse did not testify, and the parties simply argued whether Morse’s un-refuted representations and substandard work established fraudulent intent in making the contract. Thus, the issue was whether the essentially undisputed historical facts met the legal elements of fraud in the inducement under SDCL 22-30A-3(l) and 22-30A-3(3).
[¶ 28.] Although most of the trial involved circumstantial evidence — evidence upon which the dissent relies- — I am persuaded to join the opinion of the Court because virtually all of that evidence related to posi-inducement conduct and evidence of Morse’s substandard work that was actually performed. Furthermore, that evidence established nothing other than Morse’s incompetence, financial disputes, medical problems relating to his ability to finish the contract, and puffing. Similarly, the only direct evidence of pre-inducement representations, provided in Heffrons’ testimony, also reflected nothing more than puffing. At trial, Maxine Hef-iron described the nature of the deception as: “I had no indication, you know, that he wasn’t able to follow through.” (Emphasis added). Janice Heffron’s testimony was similar. After discussing Morse’s plumbing and other representations, she was asked what Morse’s statements meant to her. She responded that she “interpret[ed]” the statements to mean “that he would do a fabulous job.” When asked if there were any other representations that Morse made to induce her to enter into the contract, she indicated, “not that I can recollect.”
[¶ 29.] Upon a review of all trial testimony, I agree with the Court that even viewing the evidence most favorably to support the verdict, the evidence did not, as a matter of law, support a rational theory of fraud in the inducement of the contract. There were no material disputes of fact or issues of credibility. The evidence reflected nothing more than a civil dispute involving a contractor who was, for a variety of reasons, unable to competently perform. Morse’s motion for judgment of acquittal should have been granted.